No. 26-2469

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

Americans For Prosperity Foundation, et al.,

*Appellants*,

v.

Anthony Albence, et al.,

*Appellees*.

---

On Appeal from the United States District Court
for the District of Delaware
No. 1:26-cv-00445-JLH
The Honorable Jennifer L. Hall

---

**Appellants' Unopposed Motion to Expediate**

---

ERIKA D. PROUTY
ROBERT J. TUCKER
BAKER & HOSTETLER LLP
200 Civil Center Dr., Suite 1200
Columbus, OH 43215-4138
(614) 228-1541
eprouty@bakerlaw.com
rtucker@bakerlaw.com

ALLEN J. DICKERSON
RICHARD B. RAILE
BAKER & HOSTETLER LLP
Washington Square, Ste. 1100
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1711
adickerson@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Appellants Americans for Prosperity Foundation and Americans for Prosperity*

Appellants Americans for Prosperity Foundation and Americans for Prosperity ("Appellants") hereby move this Court, pursuant to Local Appellate Rule 4.1, for expedited review of this appeal. Appellants raise a First Amendment challenge to a Delaware law requiring organizations to publicly disclose nearly all their donors over multiple years as a condition of spending more than $500 for certain communications before state elections. They unsuccessfully sought a preliminary injunction enjoining Delaware from enforcing those requirements in advance of the 2026 elections.

As it stands, Appellants and other organizations who engage in protected speech in Delaware in conjunction with those upcoming elections will be forced to disclose the names and address of their donors, a clear violation of their First Amendment rights. This Court should expedite review of the district court's order to allow for a decision by September 4, 2026, the beginning of the applicable 60-day pre-election window for the November 3, 2026 general election under the challenged statute, so that Appellants and other organizations may have clarity regarding the constitutionality of Delaware's regulatory scheme and plan their activities accordingly.

Pursuant to Local Appellate Rule 4.1, Counsel for Appellants conferred with counsel for Appellees to obtain their consent to this motion and a proposed briefing

1

schedule. Appellees do not oppose this motion and consent to Appellants' proposed briefing schedule, set forth below:

- Appellants' brief: Friday, July 10, 2026

- Appellees' brief: Friday, July 24, 2026

- Appellant's reply brief: Friday, July 31, 2026

Appellants further request oral argument at the earliest available time after July 31, 2026, and a decision as soon as practicable following argument.

## BACKGROUND

1. Appellants are nonprofit corporations engaged in public advocacy throughout the United States. Dist.Ct.Dkt.5 at PageID # 50. Although each is organized under a different provision of the Internal Revenue Code and the nature of their advocacy differs, both raise funds from thousands of individual donors across the country, and both groups spend those funds to engage the public on a wide range of policy topics. *Id*. Appellants publish and communicate using television, radio, mail, and the internet, and some of those communications mention incumbent officeholders, who are also candidates for reelection, while discussing issues of public policy. *Id*.

2. Delaware broadly regulates such communications. The Delaware Elections Disclosure Act (the "Act") requires an organization who makes expenditures for "third-party advertisements" over $500 during an election period to

"file a third-party advertisement report with the Commissioner." 15 Del. C. § 8031(a); 15 Del. C. § 8002(17). A "[t]hird-party advertisement" is defined to include "an electioneering communication," 15 Del. C. § 8002(27), which is further defined as a communication "that: 1. [r]efers to a clearly identified candidate; and 2. [i]s publicly distributed within 30 days before a primary election or special election, or 60 days before a general election to an audience that includes members of the electorate for the office sought by such candidate," 15 Del. C. § 8002(10)a.

3.      Third-party advertisement reports must include "[t]he full name and mailing address of each person who has made contributions to such person during the election period in an aggregate amount or value in excess of $100." 15 Del. C. § 8031(a)(3). The applicable "election period" depends on the candidate identified in the third-party advertisement. *See* 15 Del. C. § 8002(11)(d). For candidates running for reelection, the election period is "the period beginning on January 1 immediately after the most recent such election [to their current office], and ending on the December 31 immediately after the general election at which the candidate seeks reelection to the office." 15 Del. C. § 8002(11)(a)(1). Because Delaware's state senators and statewide executive officeholders are elected every four years, *see* DEL. CONST. art. II, § 2; *id*. art. III, §§ 5, 19(a), 21, the applicable "election period" for incumbent candidates running for reelection for these offices can be as long as four years.

4.    The reports must be made under penalty of perjury, and failure to file the required reports results in fines and is a class A misdemeanor. 15 Del. Admin. C. §§ 100-10.1, -10.3; 15 Del. C. § 8043(c); 15 Del. C. § 8031(a).

5.    Appellants have not operated in Delaware but intend to do so in advance of the 2026 election and subsequent elections. Dist.Ct.Dkt.5 at PageID # 50. Appellants wish to produce and distribute communications, via television, radio, mail, and the internet, that will cost more than $500. *Id*. at PageID # 50-51. Although Appellants' communications will not advocate the election or defeat of any candidate, they will mention incumbent officeholders who are themselves candidates running for election or reelection and will be distributed throughout the year, including in the pre-election windows. *Id*. at PageID # 53. Appellants intend to continue making these communications within the relevant "pre-election windows" in Delaware—within 30 days of primary elections and 60 days of general elections. Dist.Ct.Dkt.5-2 at PageID #83.

6.    But under Delaware law, such communications are third-party advertisements that require Plaintiffs to file third-party advertisement reports that publicly disclose the names and address of Appellants' donors who have contributed more than $100 in the aggregate during the applicable election period. Such compelled disclosure violates the First Amendment freedom of association and belief enjoyed by Appellants and their supporters and will chill their First

Amendment-protected activity. *NAACP v. Alabama*, 357 U.S. 449 (1958); *First Choice Women's Res. Centers, Inc. v. Davenport*, 146 S. Ct. 1114, 1124 (2026). Appellants believe that both current and potential donors are fearful of having their names and addresses disclosed as Appellants' supporters and therefore vigorously protect the confidentiality of those donors. Dist.Ct.Dkt.5 at PageID # 53-54. If Appellants are required to disclose the names and addresses of their donors, it is likely that current and potential donors will refuse to contribute because they are fearful of the threats and reprisals they will face if their names and addresses are disclosed. *Id*. at PageID # 54. This will chill Appellants' and their donors' associational activity by discouraging individuals from associating with Appellants, and simultaneously chill the protected speech of donors who forgo making contributions.

7.     If Appellants do not file the required reports disclosing their donors, however, they will be subject to daily fines and other penalties for failing to do so. To avoid this choice between disclosing substantially all their donors or facing civil and criminal penalties, Appellants will not publish communications in Delaware in advance of the 2026 or subsequent elections absent a court order enjoining enforcement of the Act. *Id*. at PageID # 55. As a result, Appellants' constitutionally protected speech is and will continue to be chilled.

8.      Appellants therefore filed their complaint and motion for preliminary injunction in the District of Delaware on April 17, 2026. Dist.Ct.Dkt.1, 4. Appellants alleged that the Act is unconstitutional on its face and as applied to Appellants and sought an injunction against enforcement of Delaware's disclosure requirements in light of the upcoming 2026 pre-election windows. *See id*. After briefing and oral argument, the district court denied Appellants' request for a preliminary injunction on June 8, 2026 because, in the court's view, Appellants had not shown a likelihood of success on either the facial or as-applied challenges. Dist.Ct.Dkt.28. Appellants filed this appeal two days later. Dist.Ct.Dkt.29.

## REASONS FOR EXPEDITED REVIEW

9.      The Court should expedite this appeal in light of the upcoming 2026 elections. This Court and other Courts of Appeal regularly expedite appeals in cases involving election-related issues and deadlines. *See, e.g.*, *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, No. 20-3371, 2020 WL 6877155, at *1 (3d Cir. Nov. 23, 2020) (granting motion to expedite review of appeal); *Craig v. Simon*, 978 F.3d 1043, 1051 (8th Cir. 2020) (same); *Ohio Democratic Party v. Husted*, 834 F.3d 620, 624 (6th Cir. 2016) (motion to expedite granted so the case could be resolved prior to the November general election).

10.     Expedition is needed so that this Court may review the district court's denial of a preliminary injunction, which leaves Delaware's donor disclosure

demands in place for the 2026 elections. Appellants wish to engage in constitutionally protected speech in Delaware in advance of the 2026 elections, including in the 60 days leading up to the November 2026 general election, by publishing communications that are considered to be third-party advertisements under the Act. But if they do so, they will either be required to disclose the names and addresses of their donors, violating their privacy and infringing upon their First Amendment rights, or be subject to the Act's penalties for non-compliance. While Delaware's disclosure requirements are still in force, Appellants are forced to forgo this activity. Appellants request an opportunity for this Court to weigh the constitutionality of Delaware's disclosure requirements before the election passes.

11. The issues here can be briefed and decided within that time. Appellants assert just two claims under the First Amendment. The district court held a short oral argument and ruled from the bench in an opinion focused on Appellants' likelihood of success on the merits.

12. Failure to expedite the appeal would irreparably harm Appellants. Delaware's disclosure requirements are chilling the First Amendment activity of Appellants and their donors. If the appeal is not expedited and this appeal proceeds on a normal schedule, it is unlikely that a decision will be made before the November 3, 2026 general election. During that time, Appellants will have foregone publishing communications in Delaware—which the First Amendment guarantees them the

right to do. If the Court later reverses the district court's order and finds that Appellants are likely to succeed on their First Amendment claims, Appellants will have irreparably lost the ability to engage in speech during the period before the 2026 election on terms required by the First Amendment.

## CONCLUSION

13.    For these reasons, Appellants respectfully request that the Court expedite this appeal and adopt the briefing schedule set forth above, or another alternative schedule that would allow a decision by September 4, 2026, 60 days before the November 3, 2026 general election.


Dated: June 17, 2026

ERIKA D. PROUTY
ROBERT J. TUCKER
BAKER & HOSTETLER LLP
200 Civil Center Dr., Suite 1200
Columbus, OH 43215-4138
(614) 228-1541
eprouty@bakerlaw.com
rtucker@bakerlaw.com

*/s/ Allen J. Dickerson*
ALLEN J. DICKERSON
RICHARD B. RAILE
BAKER & HOSTETLER LLP
Washington Square, Ste. 1100
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1711
adickerson@bakerlaw.com
rraile@bakerlaw.com


*Counsel for Appellants Americans for Prosperity Foundation and Americans for Prosperity*

**Certificate of Compliance**

The undersigned counsel for Appellants hereby certifies pursuant to L.A.R. 46.1(e) that he is a member in good standing of the bar of this Court.

The undersigned counsel for Appellants hereby certifies pursuant to L.A.R. 27.3 that counsel for Appellants conferred with counsel for Appellees to obtain their consent to this motion and a proposed briefing schedule, and that Appellees do not oppose this motion and consent to Appellants' proposed briefing schedule.

The undersigned counsel for Appellants hereby certifies that this motion complies with the requirements of Fed. R. App. P. 27(d) and 32(a)(5)-(6) in that it is prepared in 14-point, proportionately spaced Times New Roman font type utilizing Microsoft Word and contains 1,661 words, including headings and quotations.

The undersigned counsel for Appellants hereby certifies that pursuant to L.A.R. 31.1(c), this electronic document was scanned for viruses using CrowdStrike Falcon Sensor Version 7.38.21003.0 prior to filing and found to be virus free.

Dated: June 17, 2026

/s/ Allen J. Dickerson
ALLEN J. DICKERSON
BAKER & HOSTETLER LLP
Washington Square, Ste. 1100
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1711
adickerson@bakerlaw.com

Counsel for Appellants

9

## Certificate of Service

The undersigned counsel for Appellants hereby certifies that the foregoing motion was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: June 17, 2026

*/s/ Allen J. Dickerson*

ALLEN J. DICKERSON
BAKER & HOSTETLER LLP
Washington Square, Ste. 1100
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1711
adickerson@bakerlaw.com

*Counsel for Appellants*